**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30382 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00004-RFC-1 |
| v. | |
| JESSE LEE VARDARO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted July 12, 2010
Seattle, Washington

Before: REINHARDT, GRABER, and PAEZ, Circuit Judges.

Jesse Lee Vardaro appeals his conviction under 18 U.S.C. § 2250(a) for

failure to register as a sexual offender under the Sex Offender Registration and

Notification Act ("SORNA"). We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Under SORNA, an individual who has been convicted of a sex offense must register, and keep the registration current, "in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). SORNA also requires that a:

> sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry.

*Id.* § 16913(c).

The district court found that Vardaro, who had registered as a sex offender in Michigan, was an employee of Dawson Geophysical in Montana from October 28, 2007, until early January 2008, and that he resided in Montana during that same approximate period. Accordingly, the district court concluded that Vardaro was required to register as a sex offender in Montana.

On appeal, Vardaro concedes that he is an individual required to register under SORNA, that he traveled in interstate commerce, and that he knowingly failed to update his registration. He argues that the district court improperly concluded that he resided in Montana for purposes of SORNA and was therefore required to register in that state. Importantly, however, he fails to challenge the

district court's finding that he was employed in Montana and therefore had an obligation, independent of his residence status, to register under SORNA. Because Vardaro had an obligation under SORNA to register in the jurisdiction in which he was employed and because he does not challenge the district court's findings that he was employed in Montana and that he failed to register there, his conviction must be affirmed.

**AFFIRMED.**